IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 01-265 |
| | : |
| SAMUEL PETERSON | : |

**ORDER-MEMORANDUM**

AND NOW, this  4th   day of December, 2008, "Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" is denied.

On September 13, 2002, defendant Samuel Peterson was sentenced to a 108-month term of imprisonment after pleading guilty to three counts of distribution of cocaine base (crack) within 1,000 feet of public housing, in violation of 18 U.S.C. § 860. Under the then applicable Sentencing Guidelines, his offense level under § 2D1.1 was 33. However, defendant was a career offender, and accordingly, his offense level was increased to 37. A three level reduction for acceptance of responsibility resulted in an adjusted offense level of 34, with a guideline range of 262 to 327 months. Defendant's motion, ¶¶ 103.

Defendant's guideline range was based on his status as a career offender, not on the crack cocaine provisions of § 2D1.1. Amendment 706 retroactively reduces the offense level applicable to crack cocaine offenses. It does not reduce the offense level applicable to career offenders. As such, defendant is not entitled to a reduction of his sentence. <u>United States v. Roman</u>, 2008 WL 2669769, at *2 (E.D. Pa., filed July 7, 2008), citing <u>United States v. Rivera</u>, 535 F.Supp.2d 527 (E.D. Pa. 2008) (defendant "was ineligible for a reduction because he was sentenced under the career offender Guideline of § 4B1, and not under the

crack cocaine Guidelines set forth in § 2D1.1 . . . . As such, the Amendments to § 2D1.1 had no effect on [defendant's] sentencing range, as he was not sentenced under § 2D1.1.")

Defendant is also not entitled to further briefing or a hearing on whether a reduction of his sentence under United States v. Booker, 543 U.S. 220 (2005). Our Court of Appeals has held that "nothing in [Booker] purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines. . . . 'the language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement provides that an amendment not listed in subsection (c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2).'" United States v. Wise, 515 F.3d 207, 221 n.11 (3d Cir. 2008), quoting United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995). The career offender Guidelines were not listed in Amendment 706, and, therefore, there is no statutory authority to reduce defendant's sentence.

BY THE COURT:

 /s/ Edmund V. Ludwig  
Edmund V. Ludwig, J.